Amy Lynn Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **JAMIL LITTLEJOHN,**<br><br>    **Plaintiff.**<br><br>    **v.**<br><br>**CONSERVE, INC.,**<br><br>        **Defendant.** | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE FAIR**<br>**DEBT COLLECTION PRACTICES**<br>**ACT, 15 U.S.C. §1692 ET. SEQ.;**<br>**2. VIOLATION OF THE**<br>**ROSENTHAL FAIR DEBT**<br>**COLLECTION PRACTICES ACT,**<br>**CAL. CIV. CODE §1788 ET. SEQ.;**<br>**3. VIOLATION OF THE**<br>**TELEPHONE CONSUMER**<br>**PROTECTION ACT 47 U.S.C . §**<br>**227 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

JAMIL LITTLEJOHN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CONSERVE, INC. ("Defendant"):

**INTRODUCTION**

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et. seq.* ("RFDCPA"), and the Telephone Consumer Protection Act 47 U.S.C . § 227, *et. seq.* ("TCPA).

**JURISDICTION AND VENUE**

2.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.      Supplemental jurisdiction over all state law claims is proper pursuant to 28 U.S.C. § 1367 et seq.

4.      Defendant conducts business in the State of California and as such, personal jurisdiction is established.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6.      Plaintiff is a natural person residing in Los Angeles, California.

7.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal. Civ. Code §1788.2(h).

9.     Defendant is a national debt collection company with its corporate headquarters located at 1200 CrossKeys Office Park, Fairport, NY 14450.

10.    Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11.    Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c), and contacted Plaintiff in an attempt to collect a debt.

12.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13.    Upon information and belief the debt at issue arose from consumer transactions.

14.    For several months prior to October 2015, Defendant called Plaintiff on his cellular telephone seeking to collect a debt owed by someone named "Kenyetta" (phonetic).

15.     Upon information and belief, when contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system, automated messages, and/or a prerecorded voice.

16.     When Plaintiff answered the telephone an automated message would play before he was transferred to a live agent.  This automated message often indicated that Defendant was calling to collect a debt and to remain on the line, and on other occasions a message would play in Spanish that Plaintiff did not understand.

17.     Defendant's telephone calls to Plaintiff cellular telephone were not made for "emergency purposes."

18.     On several occasions when Plaintiff would answer the telephone the call would either be disconnected prior to be transferred to a live agent or the call would be terminated once the agent picked up.

19.     In October 2015, Plaintiff was finally able to speak with a live agent and advise the collector that he was not Kenyetta and to stop calling.

20.     Plaintiff's revocation was heard, yet he received additional calls from Defendant for purposes which can only be determined as to annoy, frustrate, and harass Plaintiff.

21.     These calls were also inconvenient to Plaintiff as they would often occur when he was at work.

- 4 -
PLAINTIFF'S COMPLAINT

22.     At the time Plaintiff was working in a production line at a bakery and when he needed to answer a call from Defendant it would disrupt the flow of production for the bakery.

23.     Defendant never had consent from Plaintiff to call Plaintiff's cellular telephone number as Plaintiff has never done business with Defendant.

24.     Defendant's actions as described herein were taken with the intent to harass, abuse, and coerce payment from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

25.     A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

26.     Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff, when it called during times that were not convenient for Plaintiff, and when it continued calling Plaintiff's cellular telephone after he explicitly told Defendant to stop and advised them he was the wrong party.

## COUNT II
## <u>DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA</u>

27.     A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

28.     Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff.

## COUNT III
## <u>DEFENDANT VIOLATED § 1692f OF THE FDCPA</u>

29.     A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

30.     Defendant violated § 1692f when it continued to call Plaintiff without his consent and when he was not the debtor, when it disrupted him at work, and generally, when it used unfair and unconscionable means to collect the alleged debt.

## COUNT IV
## <u>DEFENDANT VIOLATED THE TCPA</u>

31.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

32.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

33.     Despite the fact that Plaintiff never consented to Defendant placing calls to him Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

34.     Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

35.     Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

## COUNT V
## DEFENDANT VIOLATED THE RFDCPA

36.     A debt collector violates section 1788.17 of the California Civil Code by failing to comply with sections 1692b through 1692j of the FDCPA.

37.     Defendant violated section 1788.17 of the California Civil Code when it violated the FDCPA for the reasons set forth in this Complaint.

WHEREFORE, Plaintiff, JAMIL LITTLEJOHN, respectfully prays for a judgment as follows:

a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

d.   All actual damages, statutory damages, reasonable attorney's fees and costs, and any other litigation costs incurred by Plaintiff pursuant to the RFDCPA at Cal. Civ. Code § 1788.17;

e.   Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

f.   Statutory damages of up to $1,500 for each call in violation of the TCPA, pursuant to 47 U.S.C. §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

g.   Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JAMIL LITTLEJOHN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

KIMMEL & SILVERMAN, P.C..

DATED: 12-8-15

By:  /s/ Amy L. Bennecoff Ginsburg
    Amy L. Bennecoff Ginsburg (275805)
    Kimmel & Silverman, P.C
    30 East Butler Pike
    Ambler, PA 19002
    Telephone: (215) 540-8888
    Facsimile (215) 540-8817
    Email: aginsburg@creditlaw.com
    Attorney for Plaintiff

PLAINTIFF'S COMPLAINT